IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN MCHUGH,                              :
    Plaintiff,                           :
                                         :
v.                                       :          CIVIL ACTION NO. 25-CV-5799
                                         :
PENNSYLVANIA DEPARTMENT                   :
OF CORRECTIONS, *et al.*,                 :
    Defendants.                          :

## ORDER

**AND NOW**, this 26th day of June, 2026, upon consideration of the Motion to Dismiss

filed by Defendants Pennsylvania Department of Corrections, Superintendent Joseph Terra,

Mandy Sipple, Huner, and O'Neill ("Commonwealth Defendants") (ECF No. 15); the Motions to

Dismiss filed by Wellpath Health Care Services and Dr. Letizio ("Wellpath Defendants") (ECF

Nos. 24, 28); Plaintiff Ryan McHugh's Motion to Dismiss the Defendants Motion to Dismiss

(ECF No. 33), construed as his Response; McHugh's Motion for Leave to File an Amended

Complaint (ECF No. 34), and Defendant's Response in Opposition (ECF No. 35), it is

**ORDERED** that:

    1.    The Clerk of Court is **DIRECTED** to **CHANGE** the spelling of Defendant

"Oneil" to "O'Neill."

    2.    The Commonwealth Defendants' Motion (ECF No. 15) is **GRANTED IN PART**

**AND DENIED IN PART** as follows:

        a.    The claims for money damages against the Pennsylvania Department of

Corrections ("DOC") and all Commonwealth employees in their official capacities, and

the negligence claims against the DOC and Commonwealth employees, with the

exception of the claim against Defendant O'Neill, are **DISMISSED WITH PREJUDICE**.

       b.     The individual capacity Eighth Amendment claims and the negligence claim against Defendant O'Neill are **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

       3.     On statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), all prepetition claims for money damages against the Wellpath Defendants are **DISMISSED WITHOUT PREJUDICE** but with no leave to amend in this case.  All post-petition claims are **DISMISSED WITHOUT PREJUDICE** and McHugh may include in an amended complaint any claims against Wellpath and any of its employees that arose after November 11, 2024, or that seek injunctive relief.

       4.     The Motions to Dismiss filed by Wellpath Health Care Services and Dr. Letizio (ECF Nos. 24, 28) are **DENIED AS MOOT**.

       5.     The Complaint is **DISMISSED WITHOUT PREJUDICE**.

       6.     The Clerk of Court is **DIRECTED** to term McHugh's Motion to Dismiss the Defendants' Motion to Dismiss (ECF No. 33) and retitle the document as a "Response."

       7.     McHugh's Motion for Leave to File an Amended Complaint (ECF No. 34) is **GRANTED IN PART** consistent with the instructions provided herein.

       8.     McHugh may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for McHugh's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to

state a claim.  When drafting his amended complaint, McHugh should be mindful of the Court's

reasons for dismissing the claims in his initial Complaint as explained in the Court's

Memorandum.  McHugh may **NOT** include in any amended complaint any claim that has

already been dismissed with prejudice (paragraph 2a) or any prepetition claim against the

Wellpath Defendants (paragraph 3).

9.      The Clerk of Court is **DIRECTED** to send McHugh a blank copy of the Court's

form complaint for a prisoner filing a civil rights action bearing the above civil action number.

McHugh may use this form to file his amended complaint if he chooses to do so.

10.      If McHugh does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir.

2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the

action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir.

1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable

claims . . . following plaintiffs' decision not to replead those claims" when the district court

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the

dismissal of those claims").

11.      If McHugh fails to file any response to this Order, the Court will conclude that

McHugh intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See*

*Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be

inferred from inaction after issuance of an order directing him to take action to cure a defective

complaint).

BY THE COURT:


S/ WENDY BEETLESTONE
WENDY BEETLESTONE, C. J.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).